IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. MOWER, | : | CIVIL ACTION NO. **1:CV-05-0909** |
| Plaintiff | : | (Judge Caldwell) |
| v. | : | (Magistrate Judge Blewitt) |
| DAUPHIN COUNTY PRISON, et al., | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

The Plaintiff, John D. Mower, an inmate at the Dauphin County Prison, Harrisburg Pennsylvania ("DCP"), filed this action pursuant to 42 U.S.C. § 1983 on May 4, 2005, naming three (3) Defendants, including DCP, Prime Care Medical ("PCM") and Dominick L. Derose, Warden, Dauphin County Prison. (Doc. 1). Plaintiff also filed two motions for leave to proceed *in forma pauperis*. (Docs. 2 & 5).[1]

We now review the Plaintiff's pleading and find that it contains fatal deficiencies, such as the failure to state an Eighth Amendment denial of medical care claim and conditions of confinement claim, the failure to name persons under § 1983, and the failure to allege the personal involvement of the Warden Defendant.[2]

---

[1] In his form Complaint, the Plaintiff indicated that he has fully exhausted the grievance procedure available at DCP. (Doc. 1, p. 2, ¶ II. A. & B.). This Court is well aware that the DCP Inmate Handbook provides for a grievance procedure. *See Flood v. DeRose*, M.D. Pa. Civil Action No. 03-0185, Doc. 30. Indeed, the Plaintiff must exhaust his administrative remedies prior to filing a civil rights suit, and the Defendant has the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

[2] In fact, the complaint's Statement of Claim does not even mention the Defendants. Further, the Plaintiff does not allege any unconstitutional conduct by any of the Defendants.

As stated, the Plaintiff has filed applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995,[3] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[4] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the Complaint under 28 U.S.C. §1915(e)(2)(B), we have determined that the Plaintiff is unable to maintain this action as against all of the named Defendants.

**I. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured

---

[3] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[4] The Plaintiff completed 2 applications to proceed *in forma pauperis* and authorization to have funds deducted from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 2, 3, 4, 5 & 6).

by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[5]

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have held that a defendant state official has the requisite personal involvement for section 1983 liability

---

[5] Plaintiff alleges in his pleading that Defendant DeRose was a DCP employee. (Doc. 1, p. 2). This is sufficient to show that this Defendant was a state agent. However, the Plaintiff does not request any recognizable relief in his pleading in violation of Rule 8 (a); he simply seeks an Order that DCP adopt a methadone program for its inmates. (Doc. 1, p. 3, ¶ V.).

3

where: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995) (citation omitted). Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir.1985) (per curiam) (a mere "linkage in the prison chain of command" is not sufficient to demonstrate personal involvement for purposes of section 1983). With these principles in mind, Plaintiff's allegations with respect to the Defendants will be discussed.

**II. Allegations of the Complaint.**

In his Complaint, the Plaintiff simply alleges that, prior to his incarceration at DCP, he participated in a methadone treatment program. However, he avers that once incarcerated at DCP, he was denied a methadone treatment program. As a result, he states that he suffered both physical and mental severe drug withdrawal symptoms, such as diarrhea, inability to eat and lack of sleep. (Doc. 1, p. 3). Plaintiff does not state that the Defendants were deliberately indifferent to his medical needs. Nor does he state that any Defendant denied him medical care. Rather, he seemingly claims that the denial of a methadone treatment program at DCP violated his

constitutional rights.  (Doc. 1, p. 3).

No named Defendants are mentioned in the claim section of the Complaint.  No date is specified.  Likewise, in his Complaint, the Plaintiff did not specify any conduct, wrongful or otherwise, of the named Defendants.  As mentioned, the Defendants are Dominick L. DeRose, Warden, Dauphin County Prison, Prime Care Medical and Dauphin County Prison.  (Doc. 1, pp. 1-2).  Plaintiff, in his pleading, does not allege that he did not receive proper medical attention when he suffered withdrawal symptoms.  *(See* Statement of Claim, p. 3, Complaint, Doc. 1).  Plaintiff also has not plead any violations of his rights regarding the conditions of his confinement at the Dauphin County Prison.  (*See* Doc. 1, p. 3).

In his pleading, the Plaintiff fails to allege with any specificity what the personal involvement of each Defendant was to deprive him of proper medical attention or to violate the Eighth Amendment with respect to the conditions of confinement at DCP.   In fact, the Plaintiff does not identify a single Defendant in the claims section of his pleading.

As relief, Plaintiff requests that the Court Order DCP to adopt and implement a methadone treatment program, and he seeks punitive damages for mental anguish and for physical anguish, pain and suffering.[6]

---

[6]The law is clear that an inmate may not file a federal civil rights action based on a claim of mental or emotional injury seeking compensatory damages without any prior showing of physical injury.  Here, the Plaintiff claims physical injury, *i.e.*, inability to eat and severe diarrhea, but he does not allege permanent physical damage.  Thus, a claim for damages for mental anguish may be precluded.  *Allah v. Al-Hafeez,* 226 F.3d 247, 250-251( 3d Cir. 2000).

A majority of Circuits, including the Third Circuit, have held that 42 U.S.C. § 1997e(e) applies to claims in which a Plaintiff alleges constitutional violations so that the Plaintiff cannot recover compensatory damages for mental or emotional injury for a constitutional violation in the absence of a showing of actual physical injury.  *See Fontroy v. Owens*, 150 F. 3d 239, 244

**III. Discussion.**

### *A. DCP and PCM are not Persons under § 1983*

Dauphin County Prison, as a prison, is not a person within the meaning of § 1983. *See Fischer v. Cahill*, 474 F. 2d 991, 992 (3d Cir. 1973); *Philogene v. Adams County Prison*, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. 1-30-97); *Sponsler v. Berks County Prison*, 1995 WL 92370, at *1 (E.D. Pa.); *Mitchell v. Chester County Farms Prison,* 426 F. Supp. 271, 274 (E.D. Pa. 1976). Thus, the claims against DCP are clearly subject to dismissal.

Further, there is no municipal liability alleged against Dauphin County Prison. Plaintiff's allegations against Dauphin County are not clear, since the Plaintiff does not directly state what the County did to violate his civil rights. In any event, the Complaint's allegations that DCP lacked a methadone treatment program are insufficient to establish a claim against the County, since the Plaintiff has failed to show any policies or practices issued by Dauphin County which led to the alleged violation of his constitutional rights. When a claim against a municipality or governmental entity such as Dauphin County is based on Section 1983, the entity can only be liable when the alleged constitutional violation implements or executes a policy, regulation or decision officially

---

(3d Cir. 1998) (Federal law does not provide inmates, who suffer no present physical injury, a cause of action for damages for emotional distress allegedly caused by exposure to asbestos); *Thompson v. Carter*, 284 F. 3d 411, 417 (2d Cir. 2002); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (applying § 1997e(e) to an Eighth Amendment claim where Plaintiff made no showing of physical injury); *Allah,* 226 F. 3d at 250 (rejecting Plaintiff's argument that his First Amendment claim, on which he sought to recover compensatory damages without alleging a physical injury, was not subject to § 1997e(e)); and *Harper v. Showers*, 174 F. 3d 716, 719 (5th Cir. 1999) (applying § 1997e(e) to bar damages for emotional suffering resulting from alleged Eighth Amendment violation).

In this case, as stated, Plaintiff has not sufficiently alleged  physical injury. Thus, Plaintiff's damages claim for emotional distress may be  barred.

adopted by the governing body or informally adopted by custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). Further, as will be discussed, Plaintiff had not constitutional right to a methadone program. Therefore, the Dauphin County Prison should be dismissed as a Defendant in this case.

Plaintiff also names PCM as a Defendant. No claims are stated against this Defendant. Nor is PCM a person for purposes of § 1983. It is well-settled that neither a state or its agencies is a "person" subject to suit under section 1983. *Hafer v. Melo,* 502 U.S. 21, 25-27 (1991); *Will,* 491 U.S. at 71; *Curtis v. Everette,* 489 F.2d 516, 521 (3d Cir.1973), *cert. denied,* 416 U.S. 995 (1974). Defendant PCM, if it is an agency of the Commonwealth of Pennsylvania, is not a "person" subject to suit under section 1983.

Further, the actions of PCM employees, such as the nursing staff at DCP (Doc. 1, p. 2, ¶ III.(3)), cannot be attributed to PCM itself for purposes of § 1983 unless it is alleged and later proved that there was a relevant PCM policy or custom, and that the policy caused the constitutional violation alleged. *See Natale v. Camden Co. Correctional Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). PCM cannot be held responsible for the acts of its employees under a theory of *respondeat superior* or vicarious liability. *Id*. at 583. In this case, there is no claim by the Plaintiff that PCM had an affirmative policy or custom that prevented its employees from providing Plaintiff with adequate medical care, from referring Plaintiff for any required treatment, or determining the frequency of Plaintiff's sick call visits. Nor is there any claim that PCM ignored an obvious inadequate practice by the Defendants that was likely to result in a violation of Plaintiff's Eight Amendment rights. Therefore, Defendant PCM should be dismissed.

### *B. Eighth Amendment*

####     *i. Medical Care Claim.*

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825 (1994) *citing Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976). An inadequate medical care claim, as we have here, requires allegations that the prison official acted with "deliberate indifference to serious medical needs" of the plaintiff, while a prisoner. *Estelle*, 429 U.S. at 104 (1976); *Unterberg v. Correctional Medical Systems, Inc.*, 799 F. Supp. 490, 494-95 (E.D. Pa. 1992). The official must know of and disregard an excessive risk to inmate health or safety. *Farmer,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. "The question...is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer*, 511 U.S. at 843.

In order to state a viable Eighth Amendment claim, a prisoner must demonstrate that the Defendant was deliberately indifferent to his medical needs and that those needs were serious. *Estelle*, 429 U.S. at 106.

Moreover, a differing opinion as to the appropriate medical care does not amount to an Eighth Amendment violation. *Monmouth County Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir. 1987), *cert. denied,* 486 U.S. 1006 (1998). Also, the doctrine of *respondeat*

*superior* is not an acceptable basis for liability under Section 1983. *See Drummer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *Rizzo v. Goode*, 423 U.S. 367 (1976). Liability may only be based upon the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976).

The Plaintiff does not allege that any named Defendant violated the Eighth Amendment by failing to provide adequate medical care for his drug withdrawal condition. Rather, he claims that he was denied methadone treatment for his drug addiction at DCP. Plaintiff's allegations do not center around the adequacy of his medical care, but concern his claim that the prison had to provide a methadone treatment program for its prisoners. Additionally, the Plaintiff does not allege that his diarrhea condition is a sufficiently serious condition. In fact, the Plaintiff does not claim any permanent harm to himself. (Doc. 1, p. 3). Thus, Plaintiff does not claim that he was denied basic medical care or that the prison medical staff was deliberately indifferent to his medical condition by failing to render required treatment. Further, the Plaintiff does not make any specific allegations against any named Defendant. (Doc. 1). Nor is the personal involvement of any of these Defendants stated in Plaintiff's pleading. Since we find that Plaintiff fails to make any specific allegations as to any of the named Defendants and fails to state any of their personal involvement in the denial of any required medical care, we shall recommend that this case be dismissed to the extent that it raises an Eighth Amendment denial of medical care claim as to all of the Defendants.

*ii. Conditions of Confinement.*

While "[t]he Constitution 'does not mandate comfortable prisons,' ... neither does it permit inhumane ones...." *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970 (1994)(quoting *Rhodes v. Chapman,* 452 U.S. 337, 349, 101 S.Ct. 2392, (1981)). "[I]t is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.' " *Farmer,* 511 U.S. at 832, 114 S.Ct. 1970 (quoting *Helling v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475 (1993)). Under *Farmer*, conditions of confinement will violate the Eighth Amendment if the following two-prong test is met: (1) the deprivation is sufficiently serious; and (2) deliberate indifference by the prison official Defendants. *Id*. at 834. Stated simply, an Eighth Amendment violation exists when the prisoner is denied "the minimal civilized measure of life's necessities" and the prison official acted with recklessness. *Farmer,* 511 U.S. at 834-35 (quoting *Rhodes,* 452 U.S. at 347, 101 S.Ct. 2392); *Wilson v. Seiter,* 501 U.S. 294, 303, 111 S.Ct. 2321 (1991). In order to find an Eighth Amendment violation regarding conditions of confinement, the evidence must show that the prison official was "both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer,* 511 U.S. at 837.

Here, Plaintiff apparently contends that the Eighth Amendment was violated because the DCP did not provide a methadone treatment program for its inmates. However, there is no constitutional right to receive methadone and a county has no required obligation to provide its inmates with methadone. *See Holly v. Rapone*, 476 F. Supp. 226 (E.D. Pa. 1979); *Palladino v. Wackenhut*, 1998 WL 855489 at * 2.

Thus, Plaintiff has failed to allege a constitutional violation with respect to the prison's lack of a methadone program. Plaintiff has also failed to establish that he has suffered a sufficiently serious constitutional deprivation, as required by *Farmer*. The Plaintiff has not asserted that he suffered any weight loss, sickness, malnutrition or any other type of wanton and unnecessary infliction of pain as a result of his diarrhea. Again, Plaintiff does not show that he suffered a sufficiently serious constitutional violation. Nor has Plaintiff claimed that any of the Defendants were deliberately indifferent to his serious medical needs.

Thus, we find no Eighth Amendment claim asserted with respect to the prison's lack of a methadone program.[7]

---

[7] Notwithstanding the Plaintiff's *pro se* status and our finding that his § 1983 claim is insufficient, we do not recommend that he be permitted to amend his Complaint to include more specific facts against the Defendants, since we find that the Plaintiff's § 1983 claim against the Defendants fails to state a constitutional violation. Thus, we find futility of any amendment of this claim, and we shall not recommend Plaintiff be granted leave to amend his pleading. *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted).

**IV. Recommendation.**

Based on the above, it is respectfully recommended that this case be dismissed, as the Plaintiff has failed to state the personal involvement of any Defendant and he has failed to state a claim under the Eighth Amendment against any Defendant.[8]

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 1, 2005**

---

[8]As discussed, Plaintiff did not allege with sufficient specificity in his pleading what the claims are against any of the Defendants, nor did he provide sufficient facts describing how each Defendant violated his rights. For example, no deliberate indifference to a serious medical need or condition is alleged against any of the Defendants with respect to Plaintiff's Eighth Amendment claim. Further, Plaintiff has no constitutional right to a methadone treatment program at DCP.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN D. MOWER, | : | CIVIL ACTION NO. **1:CV-05-0909** |
| | : | |
| Plaintiff | : | (Judge Caldwell) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DAUPHIN COUNTY PRISON, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 1, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                     **s/ Thomas M. Blewitt**
                                     **THOMAS M. BLEWITT**
                                     **United States Magistrate Judge**

**Dated: June 1, 2005**