```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

JOHN D. MOWER,                  :
      Plaintiff
                                :

      vs.                       :   CIVIL NO. 1:CV-05—0909

                                :

DAUPHIN COUNTY PRISON, et al,
      Defendants                :


*M E M O R A N D U M*


I.   *Introduction*.

   We are considering the report and recommendation of the magistrate judge, recommending under 28 U.S.C. § 1915(e)(2) that the pro se complaint of John D. Mower be dismissed without leave to amend for failure to state a claim upon which relief may be granted.  Plaintiff filed no objections to the report.


II.  *Background*.

   Plaintiff has named as defendants the Dauphin County Prison, Prime Care Medical (PCM), alleged to be employed as the nursing staff at the prison, and Dominick DeRose, the prison warden.  He avers the following.  Plaintiff was a participant in a methadone maintenance program.  On some unspecified date, he became a detainee at the prison.  He requested that he be given methadone maintenance to prevent withdrawal, but this course of

treatment was denied him.[1]  He alleges that as a result he "suffered severe withdrawal both physically and mentally," and specifies some of the withdrawal symptoms.  As relief, Plaintiff requests an injunction requiring the prison to initiate a methadone maintenance program for detainees who were in such a program before being sent to the prison.  Plaintiff also seeks compensatory damages for pain and suffering along with punitive damages.

III.  *Discussion*.

The magistrate judge concluded that the complaint failed to state a claim because, among other things, the prison and PCM were not alleged to have established a custom or policy that would have led to any constitutional injury.  *Mower v. Dauphin County Prison*, 2005 WL 1322738 at *3 (M.D. Pa.).  Additionally, characterizing the complaint as one about the failure to provide a methadone maintenance program, rather than as one about the denial of medical care for Plaintiff's withdrawal symptoms, the magistrate judge noted that none of the defendants were alleged to have had any personal involvement in the denial of any medical care.  *Id*. at *4.  Further, since the

---

[1] Plaintiff used a form complaint.  In responding to the form complaint's question about exhaustion of administrative remedies, he averred he was told that the prison has no methadone program.

2

magistrate judge viewed the complaint as one litigating the failure to provide a methadone maintenance program, he concluded that Plaintiff had failed to allege an Eighth Amendment claim because inmates have no constitutional right to methadone programs, citing *Holly v. Rapone*, 476 F. Supp. 226 (E.D. Pa. 1979), and *Palladino v. Wackenhut Coor.*, 1998 WL 855489 at * 2. Finally, since the magistrate judge saw no constitutional requirement for a methadone program, he decided that amendment of the complaint would be futile.  *Id.* at *5  n.7.

     We accept the recommendation to dismiss the complaint and will issue an appropriate order.

                                      <u>/s/William W. Caldwell</u>
                                      William W. Caldwell
                                      United States District Judge

Date: June 28, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN D. MOWER,                       :
    Plaintiff
                                     :

    vs.                              :    CIVIL NO. 1:CV-05—0909

                                     :
DAUPHIN COUNTY PRISON, et al,
    Defendants                       :

*O R D E R*

AND NOW, this 28th day of June, 2005, upon consideration of the report (doc. 9) of the magistrate judge, filed June 1, 2005, to which no objections were filed, and upon independent review of the record, it is ordered that:

    1. The magistrate judge's recommendation is accepted.

    2. The complaint (doc. 1) is dismissed under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

    3. The Clerk of Court shall close this file.

                                       /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge